# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**DAVID J. LECHIARA,**

    **Plaintiff,**

**v.**                        //     **CIVIL ACTION NO. 1:09CV90**
                                                  (Judge Keeley)

**FRANCES A. MASCARO,**

    **Defendant.**

## MEMORANDUM OPINION AND ORDER DISMISSING CASE

Pending before the Court is the "Application to Proceed Without Prepayment of Fees and Affidavit" (dkt. No. 2) filed by the pro se plaintiff, David J. Lechiara ("Lechiara"), in conjunction with the Complaint in this action. For the reasons that follow, the Court **DENIES** the application, and **DISMISSES** the case for lack of federal jurisdiction.

### I. FACTS AND PROCEDURAL HISTORY

Lechiara filed this lawsuit against his sister, defendant Frances A. Mascaro ("Mascaro"), seeking to reverse decisions by a state circuit court and the West Virginia Supreme Court of Appeals. Lechiara alleges that several years ago, after his mother bequeathed he and Mascaro equal 50/50 shares in her estate, he learned that Mascaro was selling valuable property in which he had a fifty-percent interest. He further alleges that, after he was incarcerated on an unrelated matter, Mascaro sold, transferred or

concealed tens of thousands of dollars worth of his personal property, which had been in left in her care.

Lechiara additionally asserts that, while in prison, he initiated a suit against Mascaro in a circuit court in West Virginia. He asserts that the matter reached trial in October 2006, however before the case went to the jury, he and Mascaro reached a settlement agreement. He contends, however, that three months after entering into the settlement agreement, which was entered as a judicial determination in the circuit court, he discovered that he had entered into the agreement based on fraudulent sworn testimony by his sister.

Lechiara then contends that, in December 2007, Mascaro initiated a suit against him in the Circuit Court of Harrison County, West Virginia, seeking to sell the home left to the siblings by their mother. He states that the circuit court ruled against him, granting summary judgment to Mascaro, and that the West Virginia Supreme Court of Appeals refused to hear his appeal. Lechiara asserts that this decision was biased, and he now seeks a determination by this Court that the doctrine of res judicata prevents the sale of the home by Mascaro.

**MEMORANDUM OPINION AND ORDER DISMISSING CASE**

## II. APPLICABLE LAW

In an effort to provide indigent plaintiffs with access to the judicial system, 28 U.S.C. § 1915 provides that:

> [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner possesses that the person is unable to pay such fees or give security therefor.

28 U.S.C. § 1915(a)(1).[1] However, to control the quality of litigation brought pursuant to the statute, the court may:

> [D]ismiss the case at any time if the court determines that-- (A) the allegation of poverty is untrue; or (B) the action or appeal-- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

28 U.S.C. § 1915(e)(2).

---

[1] Although the language of the statute appears to indicate that in forma pauperis proceedings are only available to prisoners, the Sixth Circuit has clarified that "[d]espite the use of the word 'prisoner possesses,' we conclude that a typographical error in the final version occurred and that Congress actually intended the phrase to be 'person possesses.'" Floyd v. U.S. Postal Service, 105 F.3d 274, 275 (6th Cir. 1997), abrogated on other grounds by Callihan v. Schneider, 178 F.3d 800 (6th Cir. 1999). Other sources support this interpretation. See Powell v. Hoover 956 F. Supp. 564, 566 (M.D.Pa. 1997) (noting that "a fair reading of the entire section is that it is not limited to prisoner suits."); see also 28 USCS § 1915(a)(1) (Lexis 2008) (annotation language altered to read "such [person] prisoner possesses").

### III. DISCUSSION

In the instant case, the Court need not reach the questions of whether Lecharia's allegation of poverty is true, or whether the action is frivolous or fails to state a claim on which relief may be granted. Rather, as with every suit filed in district court, the Court must first consider whether it has subject-matter jurisdiction to hear the case. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.")

In this suit, the Court concludes that no jurisdictional basis exists on which it could hear this litigation. Subject-matter jurisdiction exists where (1) the action arises between foreign states, see 28 U.S.C. § 1330, (2) a plaintiff's claims arise out of federal law, see 28 U.S.C. § 1331, (3) the amount in controversy exceeds $75,000, exclusive of interests and costs and the action arises between citizens of different states, see 28 U.S.C. § 1332, (4) the case concerns admiralty, maritime or prize cases, see 28 U.S.C. § 1333, or (5) the action relates to a bankruptcy proceeding, see 28 U.S.C. § 1334.

Here, the action does not arise between foreign states, is not based in admiralty or maritime law, nor does it concern a "prize," and it is not related to a bankruptcy proceeding. Furthermore,

Lecharia's claims do not arise out of federal law, but rather concern matters relating to the testate transfer of real property, an area clearly governed by state law. See 28 U.S.C. § 1331. Finally, Lechiara identifies himself and Mascaro both as citizens of Harrison County, West Virginia and, thus, no diversity of citizenship exists between the parties. See 28 U.S.C. § 1332(a). Consequently, the Court finds that it does not have jurisdiction to hear this case.

## IV. CONCLUSION

For these reasons, the Court **DENIES** Lechiara's "Application to Proceed Without Prepayment of Fees and Affidavit" (dkt. no. 2), and **DISMISSES** the case **WITHOUT PREJUDICE** for lack of subject-matter jurisdiction.

It is so **ORDERED.**

The Court directs the Clerk to transmit copies of this Order to pro se plaintiff David Lechiara, by certified mail, return receipt requested.

DATED: July 16, 2009.

/s/ Irene M. Keeley
IRENE M. KEELEY
UNITED STATES DISTRICT JUDGE